IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

ELDON SIDES                                                                                           PLAINTIFF

V.                                                                           CAUSE NO.: 1:13CV011-SA-DAS

CARFAX                                                                                                DEFENDANT

MEMORANDUM OPINION

Plaintiff Eldon Sides filed this suit alleging fraud, misrepresentation, fraudulent concealment, and negligent misrepresentation against a car dealership, the dealership's general manager, and Carfax for allegedly making false statements as to the prior damage on a car he bought. All defendants, except Carfax, have been voluntarily dismissed. Carfax has filed a Motion to Dismiss for Failure to State a Claim [13] as to the original Complaint, and a Motion to Dismiss for Failure to State a Claim as to Plaintiff's First Amended Complaint [18]. Plaintiff responded, albeit three months later,[1] and filed a Motion for Refusal or Continuance under Rule 56(f) [28] asserting that because no discovery had been propounded the Motion to Dismiss was premature.

After reviewing the motions, responses, rules and authorities, the Court GRANTS Carfax's Motion to Dismiss [18] and DENIES Plaintiff's Motion for Refusal or Continuance under Rule 56(f).[2] All other motions are terminated as MOOT.

---

[1] Plaintiff did file a Motion for Extension of Time prior to filing his Response, but only explained the three month lapse between the filing of the motion and his untimely response that his counsel "has not had sufficient time to effectively prepare a response . . . as counsel has had a hectic schedule . . . ." Pursuant to Local Rule 7(b)(4), a response is due within fourteen days of service of the initial motion.
[2] Plaintiff's motion seeks to delay the consideration of Carfax's Motion to Dismiss because there has been no discovery to date in this case. However, Carfax's motion is brought pursuant to Federal Rule of Civil Procedure 12, which states that those defenses "must be made before pleading if a responsive pleading is allowed." Therefore, Carfax's Motion to Dismiss is timely and will be considered.

*Factual and Procedural Background*

Plaintiff Eldon Sides purchased a previously-owned vehicle from Carlock Nissan of Tupelo. During the negotiations for the price of the vehicle, Jeff Adams, General Manager of Carlock Nissan, produced a Vehicle History Report from Carfax, Inc.'s website. The Report indicates "[n]o accidents or damage reported to Carfax" and "[n]o structural damage reported to Carfax." The Report further indicates that "Not all accidents/issues are reported to Carfax." Plaintiff asserts that the Report indicates that the vehicle was not involved in any accidents, and that there existed no structural or other damage. Plaintiff alleges that after purchasing the vehicle, a "trusted collision specialist" found that the vehicle had been "significantly damaged" and that damage devalued the car.

Carfax now seeks dismissal pursuant to both Federal Rules of Civil Procedure 12(b)(6) and 9(b).

*Motion to Dismiss Standard*

To withstand a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id., 129 S. Ct. 1937; see also In re Great Lakes Dredge & Dock Co. LLC, 624 F.3d 201, 210 (5th Cir. 2010) ("To be plausible, the complaint's '[f]actual allegations must be enough to raise a right to relief above the speculative level.'") (quoting Twombly, 550 U.S. at 555). The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a

defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id., 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 556-57, 570).

A complaint containing mere "labels and conclusions, or a formulaic recitation of the elements" is insufficient. Bowlby v. City of Aberdeen, 681 F.3d 215, 219 (5th Cir. 2012) (citation and internal quotation marks omitted). Although courts are to accept all well-pleaded facts as true and view those facts in the light most favorable to the nonmoving party, courts are not required "to accept as true a legal conclusion couched as factual allegation." Randall D. Wolcott, M.D., P.A. v. Sebelius, 635 F.3d 757, 763 (5th Cir. 2011) (citation omitted). Ultimately, the court's task "is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." In re McCoy, 666 F.3d 924, 926 (5th Cir. 2012) (citing Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010)), cert. denied, 133 S. Ct. 192, 184 L. Ed. 2d 38 (2012).

The Court's analysis is "generally confined to a review of the complaint and its proper attachments." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). Because the Carfax Vehicle History Report was attached to Plaintiff's Amended Complaint, the Court reviews that document in addition to the allegations contained in the Amended Complaint.

*Discussion and Analysis*

Plaintiff makes a claim against Carfax for fraud, misrepresentation, fraudulent concealment, negligent misrepresentation, and punitive damages. Because this is a case of diversity jurisdiction, the Court must apply state substantive law pursuant to the "Erie Doctrine." Krieser v. Hobbs, 166 F.3d 736, 739 (5th Cir. 1999) (citing Erie R. Co. v. Tompkins, 304 U.S. 64, 79-80, 58 S. Ct. 817, 82 L. Ed. 188 (1938)).

To sustain a claim for fraudulent misrepresentation, Mississippi law requires Plaintiff to show: "(1) a representation (2) that is false (3) and material (4) that the speaker knew was false or was ignorant of the truth (5) combined with the speaker's intent that the listener act on the representation in a manner reasonably contemplated (6) combined with the listener's ignorance of the statement's falsity (7) and the listener's reliance on the statement as true (8) with a right to rely on the statement, and (9) the listener's proximate injury as a consequence." Moran v. Fairley, 919 So. 2d 969, 975 (Miss. Ct. App. 2005).

Plaintiff contends that Carfax, Inc., made "representations as to the accuracy and completeness of their Vehicle History Reports. These representations were false and material." Based on the pleadings, the Vehicle History Report is Plaintiff's only basis for the misrepresentation claim against Carfax. In other words, Plaintiff has failed to plead that he had any other dealings or communications with Carfax other than the Carfax Report. Plaintiff further asserts that Carfax "knew that their representations were false and/or misleading and intended that the Plaintiff (and the co-Defendants) rely and act upon these representations."

The Court initially notes that Plaintiff's "formulaic recitation of the elements" are insufficient to state a claim pursuant to Federal Rule of Civil Procedure 12. Bowlby, 681 F.3d at 219. "Under the Rule 12(b)(6) standard, all well-pleaded facts are viewed in the light most favorable to the plaintiff, but plaintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." Webb v. Morella, 2013 U.S. App. LEXIS 7393, 2013 WL 1490654, *2 (5th Cir. Apr. 12, 2013) (per curiam) (quoting City of Clinton v. Pilgrim's Pride Corp., 632 F.3d 148, 152-53 (5th Cir. 2010)). "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quoting Fernandez-Montes v. Allied Pilots Ass'n, 987 F.2d 278, 284 (5th Cir. 1993)).

"Threadbare recitals of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678, 129 S. Ct. 1937. Here, Plaintiff has simply asserted the elements of the claim without providing the factual support necessary to state a claim.

Moreover, given the allegations of Plaintiff's complaint, the Court cannot say that Plaintiff would have the possibility of recovery for fraud or fraudulent misrepresentation against Carfax. Plaintiff has failed to specifically allege any false representation made by Carfax, or claimed that Carfax knew that the information in the Vehicle History Report was false. Indeed, the Report explicitly stated that "[n]ot all accidents/issues are reported to Carfax," and that for the particular vehicle, "[n]o structural damage reported to Carfax" and "[n]o accidents or damage reported to Carfax." The Report further states in capital letters: "CARFAX DEPENDS ON ITS SOURCES FOR THE ACCURACY AND RELIABILITY OF ITS INFORMATION. THEREOFRE, NO RESPONSIBILITY IS ASSUMED BY CARFAX OR ITS AGENTS FOR ERRORS OR OMISSIONS IN THIS REPORT." Plaintiff fails to allege that Carfax failed to report truthfully information regarding this particular vehicle from one of its sources. Moreover, based on the disclaiming language contained in the Report, Plaintiff failed to show that he had a right to rely on the statements made in the Report when such representations were noted throughout to only reflect what was reported to Carfax. The Court additionally notes that because of the disclaiming language contained in the Carfax Report, Plaintiff's reliance on that representation that Carfax knew of no structural damage or accidents sustained by the vehicle was not justifiable. Accordingly, Plaintiff's fraud and misrepresentation claims are not plausible on their face because the Court cannot draw the reasonable inference that Carfax is liable for the conduct alleged. See Iqbal, 556 U.S. at 678, 129 S. Ct. 1937.

In Mississippi, a claim of fraud by omission arises only where the defendant had a duty to disclose material facts purportedly omitted. Langston v. Bigelow, 820 So. 2d 752, 756 (Miss. Ct. App. 2002); see also Frye v. Am. Gen. Fin., Inc., 307 F. Supp. 2d 836, 842 (S. D. Miss. 2004). This duty generally arises only where there is a fiduciary relationship between the parties. Taylor v. Southern Farm Bureau Casualty Co., 954 So. 2d 1045, 1049-50 (Miss. Ct. App. 2007); Langston, 820 So.2d at 756; Frye, 307 F. Supp. 2d at 842. Plaintiff has failed to allege any fiduciary relationship between himself and Carfax and the Court will not go searching for one. Moreover, as noted above, the disclaiming language contained in the Carfax Report makes it unlikely that Plaintiff could reasonably rely that such a Report was complete. See Hazlehurst Lumber Co. v. Miss. Forestry Comm'n, 983 So. 2d 309, 312-13 (Miss. 2008) (holding that disclaimer provision in a contract prevented liability on a misrepresentation claim). Therefore, the Court finds that Plaintiff has failed to state a fraudulent concealment claim for which relief can be granted.

Under the count, "Negligent Misrepresentation," Plaintiff contends that Carfax made representations and omissions of fact regarding the accuracy and completeness of the Vehicle History Report, which were material and significant in the purchase of the vehicle. Further, "in making the enumerated misrepresentations, [Carfax] failed to exercise that degree of diligence and expertise the Plaintiff, and general public, is entitled to expect of [Carfax]." To establish a claim for negligent misrepresentation in Mississippi, the Plaintiff must prove the following five elements: (1) a misrepresentation or omission of a fact; (2) that the representation or omission was material or significant; (3) that the person/entity charged with the negligence failed to exercise the degree of diligence and expertise the public is entitled to expect of such persons/entities; (4) that the plaintiff reasonably relied upon the misrepresentation or omission;

and (5) that the plaintiff suffered damages as a direct and proximate result of such reasonable reliance. Pennell v. Wells Fargo Bank, N.A., 507 F. App'x 335, 338 (5th Cir. 2013) (citing Mladineo v. Schmidt, 52 So. 3d 1154, 1164-65 (Miss. 2010)). As noted above, Plaintiff has failed to plausibly plead that he justifiably relied on the Carfax Report that the vehicle sustained no damage when that Report expressly noted that although no issues were reported as to that vehicle, "[n]ot all accidents/issues are reported to Carfax."

*Conclusion*

Plaintiff cannot overcome the language in the Carfax Report which notifies persons that the Report is based on voluntary reports for which Carfax cannot guarantee the accuracy and reliability of the information. Accordingly, Plaintiff has failed to state a claim against Carfax, and the Motion to Dismiss is GRANTED.

SO ORDERED, this the 16th day of December, 2013.

                                                      /s/ Sharion Aycock  
                                                    **U.S. DISTRICT JUDGE**